UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                               Case No. 05-31966
                                                                    Chapter 7
THOMAS J. BELL, JR.

      Debtor.


ELLA BELL, THOMAS BELL, III,                                        Adv. Pro. No. 06-3036
and KAHLIA BELL-FLEMING,

      Plaintiffs,

   v.

THOMAS J. BELL, JR.,

      Defendant.

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion for Summary Judgment filed by the Plaintiffs Ella Bell, Thomas Bell, III, and Kahlia Bell-Fleming (Doc. 15), and the Motion to Dismiss filed by the Defendant, Thomas Bell, Jr. A hearing was held on November 28, 2006, at 11:00 a.m. The Plaintiffs were present by counsel Kristen P. Southworth. The Defendant was present in person, acting pro se. For the reasons set forth below, the Court finds that the indebtedness owed by the Defendant to the Plaintiffs is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

## I. FACTS

The Defendant, who is the debtor in the underlying bankruptcy proceeding (Case No. 05-31966), and Ella Bell were divorced on May 3, 2001, in the Circuit Court for Montgomery County. At the time of their divorce, the couple had two adult children,

Thomas Bell, III, and Kahlia Bell-Fleming. The Divorce Decree, in relevant part, provided the following:

> 6. That the husband shall have sole title to the two 2000 S-10 pick-up trucks and the Ford pick-up truck titled in his name. At such time as the liens have been paid off, he will title one of the 2000 S-10 pick-up trucks, now being used by the parties' son, to said son [Thomas Bell, III] and shall title the Ford pick-up truck to the parties' daughter [Kahlia Bell-Fleming].
>
> * * *
>
> 8. The Husband shall be responsible for insurance coverage on the S-10 pick-up trucks and the Ford pick-up truck.
>
> * * *
>
> 10. The parties have agreed to provide post-majority support for their son, Thomas John Bell, III, at Tuskegee University, and the Husband shall be responsible for and shall pay one-half of the cost of tuition and books remaining after application of all scholarships and grants for the remaining four semesters prior to graduation, and shall further provide a monthly expense allowance to the child, regardless of whether or not school is in session, in the sum of $300.00 per month for the years 2001 and 2002.
>
> * * *
>
> 13. That the parties have waived any claim to periodic alimony or spousal support and none is awarded, nor is said issue reserved.

(In re Marriage of Ella Bell and Thomas Bell, Jr., Case No. DR-00-1154, in the Circuit Court of Montgomery County, May 3, 2001).

The Defendant filed for bankruptcy under Chapter 13 of the Bankruptcy Code on April 8, 2003. (Case No. 03-31097). In that case, Ella Bell filed a claim in the amount of $43,923.75 for arrearages in the amounts owed under the Divorce Decree. The Defendant objected to the claim, but the parties later entered a consent order whereby the Defendant agreed that he owed $33,556 as unsecured priority debt pursuant to 11 U.S.C. § 507(a)(7). The Defendant's bankruptcy case was subsequently dismissed on October 21, 2004, for failure to make payments.

After the bankruptcy case was dismissed, Ella Bell returned to state court where she filed a Motion to Show Cause for Contempt as to why the Defendant was not making the required payments.  On June 20, 2005, the Circuit Court for Montgomery County entered an order, whereby the court determined that the Defendant had failed to comply with paragraphs 6, 8, and 10 of the Final Decree of Divorce.  The order further provided that because the Defendant had made some payments to the Plaintiff and some payments on the pick-up trucks, he owed a remaining balance of $36,388.15.  The court also found that because "the former husband's conduct was willful," it ordered that he pay $3,200 in attorney's fees to Ella Bell.  The court also ordered that the Defendant did not fulfill his obligations, Ella Bell would be entitled to interest at a rate of twelve percent per year.  (In re Marriage of Ella Bell and Thomas Bell, Jr., Case No. DR-00-1154.01, in the Circuit Court of Montgomery County, June 20, 2005).

On July 8, 2005, the Defendant again filed for Chapter 13 bankruptcy.  (Case No. 05-31966).  Ella Bell filed a claim in the amount of $39,898.15, and the Defendant again objected to the claim.  At the confirmation hearing on October 24, 2005, the Defendant consented to the objection and agreed to amend his plan to add the Plaintiffs' claims in the amount of $33,556.00.  The Defendant failed to amend his plan, and on November 16, 2005, the Plaintiffs filed a motion to compel the Defendant to amend.  At the hearing on December 5, 2005, the Defendant requested and received ten days to convert to Chapter 7.  The notice of conversion was filed on December 6, 2005.

The Plaintiffs filed this Adversary Proceeding on March 6, 2006, requesting that the amount owed to them under the divorce decree and order be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The Plaintiffs filed this Motion for Summary

Judgment on August 31, 2006. (Doc. 15). The Defendant filed a pro se answer and Motion to Dismiss on October 31, 2006. (Doc. 18). The motions came for hearing on November 28, 2006. The Court, having taken these matters under advisement, now makes its findings of fact and conclusions of law.

## II. CONCLUSIONS OF LAW

### A. *Jurisdiction*

The Plaintiffs seek a determination from this Court that the indebtedness owed to them by the Defendant is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). This Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a "core proceeding" for which the Bankruptcy Court may enter a final judgment. 28 U.S.C. § 157(b)(2)(I).

### B. *Summary Judgment Standard*

Summary judgment is only proper when there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56, made applicable to Adversary Proceedings pursuant to FED. R. BANKR. P. 7056. Rule 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c).

The initial burden is on the moving party to prove that there are no material facts in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden then shifts to the non-moving party to establish that there are material facts in dispute. Matsushita

Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence presented." Thomas, 214 F.Supp.2d at 1231. If there are any material facts in dispute, summary judgment must be denied. Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983).

*C. Discussion*

The issue presented here is whether an award for insurance payments, car payments, tuition payments, and attorney's fees in a state court divorce action are actually in the nature of support within the meaning of 11 U.S.C. § 523(a)(5), thereby making the award nondischargeable. The Plaintiffs request a total amount of $26,281.81 excepted from discharge, along with interest, costs, and reasonable attorney's fees. The Court will discuss the dischargeability of the indebtedness for the various awards separately. The Court will first discuss whether the insurance, car, and tuition payments are nondischargeable, and second whether the attorney's fees are nondischargeable. Last, the Court will address the Defendant's Motion to Dismiss.

A debtor may obtain a general discharge under Chapter 7 of the Bankruptcy Code from "all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). However, the Code does not allow a debtor to discharge certain domestic support obligations. The dischargeability of these support obligations is controlled by 11 U.S.C. § 523(a)(5),[1] which provides as follows:

---

[1] Section 548 of the Bankruptcy Code was amended effective October 17, 2005, pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. No.

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> ***
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

Whether a debt is actually in the nature of support under section 523(a)(5) is an issue of federal law. Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001) (citing Strickland v. Shannon (In re Strickland), 90 F.3d 444, 446 (11th Cir. 1996)). Although "federal law controls, state law does provide guidance in determining whether the obligation should be considered 'support' under § 523(a)(5)." Id. In making its determination, a bankruptcy court should conduct "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the _nature_ of support." Harrell v. Sharp (In re Harrell), 754 F.2d 902, 906 (11th Cir. 1985) (emphasis in original). A debt is actually in the nature of support if at the time of its creation the parties intended the obligation to function as support. Cummings, 244 F.3d at 1265.

The party seeking to have the debt excepted from discharge bears the burden of proving by a preponderance of the evidence that the debt was intended as support. See

---

109-8) (BAPCPA). As the underlying bankruptcy case was filed prior to the effective date of BAPCPA, the amendments do not apply here.

id.; Hataway v. Welch (In re Welch), 2006 WL 1998759, at *2 (Bankr. M.D. Ala. June 22, 2006). "[U]nlike other exceptions to discharge, section 523(a)(5) is entitled to a more broad interpretation, as it reflects a public policy of enforcing familial obligations." Welch, 2006 WL 19998759, at *2 (citing Olszewski v. Joffrion (In re Joffrion), 240 B.R. 630, 633 (M.D. Ala. 1999)). The dispositive factor in determining dischargeability is the intent of the parties. Cummings, 244 F.3d at 1266 (stating that in "determining whether a particular obligation is in the nature of support, all evidence, direct or circumstantial, which tends to illuminate the parties subjective intent is relevant"). When deciding whether a particular obligation falls within the parameters of section 523(a)(5), the bankruptcy court "need only engage in a simple inquiry." Welch, 2006 WL 19998759, at *2 (citing Suarez v. Suarez (In re Suarez), 1992 WL 12003978, at *7 (Bankr. S.D. Ga. Dec. 23, 1992)).

The record in this case indicates that the award was intended to act as a support obligation. The terms of the divorce order excluded any alimony in favor of Ella Bell, and the children were not awarded any child support. The only award given in favor of the children were the insurance premiums and lien payments on the trucks driven by the children and tuition and book payments for the Defendant's son. The support obligations awarded in the divorce decree were conferred on the Plaintiffs based on a voluntary agreement entered into by the parties. At the time of the divorce agreement, the Defendant was represented by counsel and voluntarily agreed to the terms of his divorce settlement. Furthermore, in his previous Chapter 13 case, the Defendant consented to allow the Plaintiffs' claims in the amount of $33,556.00. (Case No. 03-31097, Doc. 42).

This Court determines that the Defendant's obligation to pay the lien payments and insurance on the trucks driven by the Defendant's children are nondischargeable support awards pursuant to section 523(a)(5). See Stamper v. Stamper (In re Stamper), 131 B.R. 433, 435 (Bankr. W.D. Mo. 1991) (holding that the debtor's obligation to make car payments and to maintain insurance on a vehicle as required by his divorce decree was a nondischargeable support obligation). This Court further determines that the Defendant's obligation to share in the payment of his son's tuition and books is a nondischargeable support obligation pursuant to section 523(a)(5). See Luppino v. Evans (In re Evans), 278 B.R. 407, 411 (Bankr. D. Md. 2002) (holding that the debtor's obligation under her divorce decree to pay her son's school tuition was nondischargeable as a domestic support obligation).

The next inquiry is whether the attorney's fees awarded in favor of Ella Bell are nondischargeable within the meaning of section 523(a)(5). As this Court noted in In re Welch, 2006 WL 19998759, at *2, a majority of courts have held that attorney's fees awarded in a divorce proceeding are nondischargeable. See, e.g., Joseph v. J. Huey O'Toole, P.C. (In re Joseph), 16 F.3d 86 (5th Cir. 1994); Jones v. Jones (In re Jones), 9 F.3d 878 (10th Cir. 1993); Pauley v. Spong (In re Spong), 661 F.2d 6 (2d Cir. 1981); Murphy v. Murphy (In re Murphy), 1993 WL 246076 (D. Kan. June 14, 1993); Robinson v. Robinson (In re Robinson), 193 B.R. 367 (Bankr. N.D. Ga. 1996); Ewing v. Ewing (In re Ewing), 180 B.R. 443 (Bankr. E.D. Va. 1994); Rosenblatt v. Rosenblatt (In re Rosenblatt), 176 B.R. 76 (Bankr. S.D. Fla. 1994).

The Eleventh Circuit discussed whether attorney's fees can be excepted from discharge under section 523(a)(5) in a case handed down in 1996. Strickland v. Shannon

(In re Strickland), 90 F.3d 444 (11th Cir. 1996).  The court held that "[b]ecause federal law, rather than state law, controls our inquiry, a domestic obligation can be deemed actually in the nature of support under § 523(a)(5) even if it is not considered 'support' under state law."  Id. at 446.  In that case, the state court had ordered the ex-husband debtor to pay his former spouse's attorney's fees.  The Eleventh Circuit held that the attorney's fees were nondischargeable, stating that "we hold that an attorney fees award arising from a post-dissolution custody action constitutes 'support' for the former spouse under 11 U.S.C. § 523(a)(5)."  Id. at 447.

In In re Welch, 2006 WL 19998759, at *3, this Court discussed the same issue, holding that because the state court had ordered attorney's fees be included in the support award, the fees were nondischargeable.  In making that determination, this Court looked to "the language of the decree itself and the nature of the underlying litigation that gave rise to the award," holding that the award of attorney's fees were so "inextricably intertwined with the obligation of support as to be in the nature of support and excepted from discharge pursuant to section 523(a)(5)."  Id.

In this case, the Plaintiffs seek to have attorney's fees, costs, and interest excepted from discharge along with the support obligations.  The language of the Circuit Court's order strongly shows that that court intended the award of attorney's fees to be part of the support obligation.  In its June 20, 2005 Order on Ella Bell's Motion for Contempt, the Circuit Court ordered, in relevant part, the following:

> 1. [B]ecause the Former Husband's conduct was clearly willful, he shall be responsible for paying the Former Wife's attorney's fees in the amount of $3,200, as itemized on the Request for Fees and Expenses filed by counsel for the Former Wife.

> 2. [T]he Former Wife shall have the right to add accrued interest at 12 percent per year in the event that the Former Husband fails to make payments as set forth herein.

(In re Marriage of Ella Bell and Thomas Bell, Jr., Case No. DR-00-1154.01, in the Circuit Court of Montgomery County, June 20, 2005). Along with this award for attorney's fees and interest, the Circuit Court reiterated the amounts that the Defendant owed under the original Divorce Decree. In making its determination, the Circuit Court combined the support obligations with the attorney's fees, demonstrating an intent that the fees be included in the overall support award. This Court, having read and considered the Circuit Court's Order and Divorce Decree, hereby grants Plaintiff's request that attorney's fees and interest be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

The Defendant filed a Motion to Dismiss, arguing that his children, Thomas Bell, III, and Kahlia Bell-Fleming, do not have standing to bring a claim against him for non-payment, because they were not parties to the initial divorce proceeding. A bankruptcy court in Pennsylvania decided a similar issue in July of this year. Birenbaum v. Birenbaum (In re Birenbaum), 2006 WL 2422588 (Bankr. W.D. Pa. July 7, 2006). In that case, the Chapter 7 debtor owed tuition payments for his son as required by his divorce decree. The plaintiff, the debtor's ex-wife, brought an action against the debtor, seeking to have, inter alia, the tuition payments excepted from discharge pursuant to section 523(a)(5) of the Bankruptcy Code. Id. at *1-2. The debtor argued that because the debt was owed to his son and not to the plaintiff, only his son had standing to pursue the non-dischargeability of the tuition payments. The debtor argued that the action should be dismissed, because the plaintiff lacked standing. Id. at *5.

10

The court disagreed, holding that it made no difference for the purpose of dischargeable whether the plaintiff or her son sought a to have the tuition payments excepted from discharge. The court held that "[a]s long as the obligation is in the nature of support for the son . . . the language of § 523(a)(5) excludes the obligation from discharge even if it is owed to the son rather than the [plaintiff]." Id. at *6.

Likewise, this Court finds that the determination of who has standing to pursue the claim is irrelevant for these purposes. This Court merely determines that the obligations owed to the Plaintiffs are excepted from discharge, because the awards are "actually in the nature of" support. This Court will not determine who has standing to enforce the support award, as that determination is one that is best left to the State Court.

### III. CONCLUSION

Having found no genuine issues as to whether the support obligations awarded to the Plaintiffs by the Circuit Court are actually in the nature of support, this Court grants summary judgment in favor of the Plaintiffs and denies the Defendant's motion to dismiss. The indebtedness owed by the Defendant is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The Court will enter judgment by way of a separate document in accordance with this Memorandum Decision.

Done this the 12th day of December, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge